UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CAROLYN PRIMM, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:19-cv-00690 |
| TENNESSEE DEPARTMENT OF CORRECTION *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Carolyn Primm brings suit against the Tennessee Department of Correction ("TDOC"), several other Tennessee state agencies, the Metropolitan Government of Nashville and Davidson County,[1] and numerous individuals, all of whom are alleged to be current or former state or county employees. She asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983, and state law. (Doc. No. 1.) Because Plaintiff proceeds *in forma pauperis*, the complaint is before the Court for an initial review. For the reasons set forth herein, the complaint will be dismissed in its entirety.

**I.     Initial Review**

Because Plaintiff proceeds in forma pauperis, the Court is required under 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601,

---

[1] Plaintiff actually names as defendants the "City of Davidson County, and County," which the Court construes to mean the Metropolitan Government of Nashville and Davidson County.

604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "[s]ua sponte dismissals of a complaint are appropriate when a statute-of-limitations defect is obvious from the face of the complaint." Bowman v. Fister, No. 16-6642, 2017 WL 5495717, at *2 (6th Cir. Mar. 22, 2017) (citing Alston v. Tenn. Dep't of Corr., 28 F. App'x 475, (6th Cir. 2002); Pino v. Ryan, 49 F.3d 51, 53–54 (2d Cir. 1995)).

## II. Procedural History and Relevant Facts

Plaintiff filed a previous lawsuit in this Court in March 2015, Primm v. Tenn. Dep't of Corr. et al., No. 3:15-cv-00230 ("Primm I"),[2] bringing claims under 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964 against TDOC and numerous current and former employees of TDOC and several other state agencies (collectively, the "Individual Defendants") in their individual and official capacities. Primm alleged that TDOC and the Individual Defendants discriminated against her by terminating her employment with TDOC in July 2013. Primm also alleged that the Administrative Law Judges ("ALJs") and Board of Appeals members who heard her administrative action violated her due process rights during her pre-

---

[2] All documents filed in Primm I will be referenced herein by the docket number assigned in that case.

termination hearing and the subsequent appeal process. In accordance with a show-cause order issued by the Court (Nixon, S.J.) shortly after the complaint was filed, Plaintiff submitted a copy of the EEOC's Dismissal and Notice of Rights ("right to sue letter") dated December 10, 2014. (Doc. No. 7-1.)[3]

In the order granting her first motion to amend her complaint, the Court dismissed on statute of limitations grounds all § 1983 claims against the Individual Defendants arising from Plaintiff's termination in 2013, leaving intact her claims under 42 U.S.C. § 1981 and Title VII against all defendants and her § 1983 claims against TDOC. See Primm I, Doc. Nos. 8, 35 (Campbell, J.). In March 2017, the Court granted TDOC's motion to dismiss the claims against it under §§ 1981 and 1983 on the basis that they were barred by sovereign immunity, but the Court denied TDOC's motion to dismiss the claims under Title VII. Primm I, Doc. No. 35. At the same time, the Court declined to address TDOC's arguments as to why the claims against the Individual Defendants should be dismissed, because the Individual Defendants had not yet been served with process and TDOC lacked standing to raise defenses on their behalf. In addition, the Court recognized that it was not Plaintiff's fault that no defendants other than TDOC had been served. Primm I, Doc. No. 35 at 7. The Court directed the Clerk to issue summonses for, and ensure service of process upon, the Individual Defendants. Id.

On November 17, 2017, four days after the November 13 deadline set by the scheduling order for filing motions to amend, Plaintiff filed a motion requesting a twenty-day extension of the time within which to file an amended complaint. The magistrate judge granted the motion on January 10, 2018, giving Plaintiff until January 30, 2018 to file any motion to amend the

---

[3] Primm I was initially assigned to Senior Judge John T. Nixon. It was reassigned to the undersigned in January 2017 upon the retirement of Judge Nixon. In July 2018, the case was transferred to Judge Chip Campbell.

complaint and to include the proposed amended complaint as an exhibit to the motion. Primm I, Doc. Nos. 62, 67, 68. Plaintiff never filed the anticipated motion.

On July 3, 2018, more than five months after the extended deadline for filing her motion to amend and proposed amended complaint, the magistrate judge entered a show-cause order, first noting that Plaintiff had "not complied with the Court's order" and had "not filed anything in this action since filing her motion for an extension of time on November 17, 2017. Primm I, Doc. No. 71 at 1. The order directed Plaintiff to "show cause within fourteen days from the date of this order why the undersigned magistrate judge should not recommend that this action be dismissed for failure to prosecute." Id. at 2. Plaintiff failed to file anything in response to that order. Consequently, the magistrate judge filed a Report and Recommendation ("R&R") on July 30, 2018, recommending that the case be dismissed without prejudice. Primm I, Doc. No. 73.

On the same day, Plaintiff filed a "Motion for Reconsideration." Primm I, Doc. No. 75. In adopting and accepting the R&R, the Court noted that Plaintiff "likely did not receive electronic notification of the R&R before filing her Motion for Reconsideration the same day" and therefore construed the motion to be an untimely response to the show-cause order rather than as timely objections to the R&R. Primm I, Doc. No. 77 at 2. Because Plaintiff failed to file a timely response to the show-cause order, the Court found that she had "waived the opportunity to do so." Id. Moreover, even if the filing were construed as objections to the R&R, Plaintiff did not challenge the ruling of the R&R or provide a basis for rejecting it. The Court therefore dismissed the case for failure to prosecute and failure to comply with a court order.

Plaintiff thereafter filed a Motion to Alter or Amend Judgment, a proposed Amended Complaint, Motion for Partial Summary Judgment, Objections to the denial of the latter motion, and an Emergency Motion to Reopen Case, none of which was perceived to have merit. On June

4

4, 2019, the Court denied the last of these motions and further noted that "no further filings in this matter are warranted." Primm I, Doc. No. 91 at 2.

Undeterred, Plaintiff filed a new complaint, initiating this action, on August 8, 2019, naming the following as defendants: TDOC; the Office of the Tennessee Attorney General; Tennessee Department of Human Resources; Attorney General Herbert H. Slatery III; Assistant Attorney General Eugenie B. Whitesell; Assistant Attorney General Lody Limbird; Assistant Attorney General Lindsay Haynes Sisco; Derrick Schofield; Tony Parker; Lisa Patton; Rebecca Hunter; Rebecca Hunter; Craig Raymer; Connie Johnson; J.R. Miller; Rennee Cladwell; Debbie Inglis; Virginia Lewis; Kim Summers; Bland Justis; Barbara Clark; James Hamilton; John Drummond; Steve Darnell; Metro; and Davidson County Sheriff Daron Hall.[4] (Doc. No. 1 at 1.) Plaintiff now t brings suit under Title VII, 42 U.S.C. § 1983, and Tenn. Code Ann. § 8-30-101.

For the most part, the new complaint reiterates the claims brought in 2015 in Primm I, but Plaintiff also raises new claims against new defendants under 42 U.S.C. § 1983. The new defendants are Tennessee Attorney General Slatery, three assistant attorneys general, Sheriff Hall, and Metro. (Doc. No. 1.) The new claims relate to Plaintiff's arrest for aggravated assault in 2013. Plaintiff asserts that she learned in October 2018 that her arrest and prosecution were unconstitutional because the arrest was not based on probable cause. She also alleges that the criminal charges against her were dismissed in August 2016, following a bench trial.

### III. Analysis

#### A. The Renewed Claims

In her new complaint, Plaintiff asserts that Tennessee's Savings Statute, Tenn. Code Ann. § 28-1-105, operates to save her claims from being barred by the statute of limitations. Plaintiff

---

[4] Plaintiff identifies the Sheriff as "Darran" Hall, but the Court takes judicial notice of the proper spelling of his first name.

is incorrect.

The Savings Statute provides that,

> [i]f [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may commence a new action within one (1) year . . . .

Tenn. Code Ann. 28-1-105(a). The Savings Statute thus may expand the time a plaintiff has to refile a claim, but only if the original complaint was timely and the new complaint alleges substantially the same cause of action. Foster v. St. Joseph Hosp., 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004). The purpose of the statute is to provide a diligent plaintiff a chance to renew a suit if it is dismissed other than by a judgment on the merits. Turner v. Aldor Co. of Nashville, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991).

Because Congress has not provided a statute of limitations for such claims, the limitations period for federal civil rights actions are governed by state law. See Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 462 (1975); Harris v. United States, 422 F.3d 322, 331 (6th Cir. 2005). In addition to the "length of the limitations period," all "closely related questions of tolling and application" in federal civil rights cases "are governed by state law." Harris, 422 F.3d at 331 (internal quotation marks and citations omitted). The Sixth Circuit has expressly held that state savings statutes are among such "closely related questions." Id. (applying the Ohio Savings Statute to an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)). In other words, the Tennessee Savings Statute may operate to "save" claims under § 1983 brought in a renewed action after an initial dismissal without prejudice.

In this case, however, the Savings Statute does not affect the § 1983 claims that were asserted in Primm I against the Individual Defendants, because those claims were already barred

6

by Tennessee's one-year statute of limitations by the time Plaintiff filed that suit. See Primm I, Doc. No. 8. The Savings Statute only protects claims that were timely the first time around, and it does not revive claims that were previously dismissed with prejudice. The Savings Statute also does not permit Plaintiff to reassert a § 1983 claim against TDOC, because the § 1983 claim brought in Primm I against TDOC was dismissed as barred by sovereign immunity. Primm I, Doc. No. 35 at 9. TDOC remains immune from suit for damages under § 1983. Likewise, any § 1983 claims for damages against the state official defendants named in their official capacity are barred by sovereign immunity. Cady v. Arenac Cty., 574 F.3d 334, 342 (6th Cir. 2009)

The Tennessee Savings Statute also does not affect Plaintiff's Title VII claims, because these claims, unlike claims under § 1983, are not subject to a state statute of limitations. Instead, Title VII includes a very precise and strict limitations period that is written into the federal statute itself. See 42 U.S.C. § 2000e-5(e) and (f). It is well established that state tolling and saving provisions do *not* apply to limitations periods established by Congress. See, e.g., Wade v. Knoxville Utilities Bd., 259 F.3d 452, 461 (6th Cir. 2001) ("[S]tate law tolling or savings provisions do not apply to the limitations periods expressly set forth in Title VII."); Johnson v. Ry. Exp. Agency, Inc., 489 F.2d 525, 531 (6th Cir. 1973) (holding that state savings clause did not extend the period within which to refile a Title VII action following dismissal without prejudice), aff'd on other grounds, 421 U.S. 454 (1975).

Under Title VII, a plaintiff in a referral state such as Tennessee has 300 days from the date of the challenged employment action to file an EEOC claim and then 90 days from the date she receives a right to sue letter from the EEOC to file suit in federal court. 42 U.S.C. § 2000e-5(e)(1) and (f)(1); Baldwin Cty. Welcome Center v. Brown, 466 U.S. 147, 149 (1984). Absent some other form of equitable tolling, the filing of a complaint that is later dismissed without

prejudice does not stop the time limits set forth in a statute of limitations from running, and a dismissal without prejudice thus "leaves the situation the same as if the suit had never been brought." Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27 (6th Cir. 1987). That is, "[i]f the period of limitations has run by the point of such a dismissal, any new action is generally untimely." Id. at 28 (quoting Harris v. City of Canton, Ohio, 725 F.2d 371, 376–77 (6th Cir. 1984)).

In this case, as established in Primm I, Plaintiff's right-to-sue letter was issued in December 2014. Plaintiff had 90 days from her receipt of that letter to file suit. When her Title VII claims were dismissed without prejudice in 2018, the Title VII statute of limitations had already long-since expired. Tennessee's Saving Statute does not save the claims. Plaintiff's Title VII claims based on her termination in 2013 are time-barred and subject to dismissal with prejudice on that basis.

### B. New § 1983 Claims

In addition to attempting to revive the claims brought in the 2013 action, Plaintiff, in the new complaint, also asserts new claims under § 1983 against numerous new defendants. These claims are not affected by the Savings Statute, because they were not raised in Primm I.[5] All of these claims arise from Plaintiff's contention that her arrest in June 2013 was without probable cause. Plaintiff states that all criminal charges against her were dismissed no later than 2016. Plaintiff attempts to avoid Tennessee's one-year statute of limitations that pertains to § 1983 claims, Tenn. Code Ann. § 28-3-104(a)(1)(B), by asserting that she did not learn until 2018 that her arrest was unconstitutional.

---

[5] Insofar as these claims might have been raised in the Amended Complaint Plaintiff filed in Primm I in December 2019, Primm I, Doc. No. 80, after the case had been dismissed in September 2018, Plaintiff was never granted leave to file an amended complaint and service was never effected on any of the newly named defendants at that time.

Although the state statute of limitations governs claims under § 1983, the accrual of claims is governed by federal law. Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996). In the Sixth Circuit, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Id. at 220. In other words, a claim for unlawful arrest accrues when the unlawful detention terminates. See, e.g., Wallace v. Kato, 549 U.S. 384, 396 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). That Plaintiff purports not to have learned that her arrest was unconstitutional until recently is simply irrelevant, because she admittedly knew that the arrest had occurred. "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." Wallace, 549 U.S. at 391 (citation omitted). Because Plaintiff's unlawful arrest occurred in June 2013, the limitations period for that claim expired well before Plaintiff filed this lawsuit.

Insofar as the Complaint may be construed as asserting claims for malicious prosecution rather than simply false arrest, those claims did not accrue, and the statute of limitations did not begin to run, until the criminal charges against Plaintiff were dropped. See King v. Harwood, 852 F.3d 568, 579 (6th Cir. 2017). Plaintiff states, however, that the criminal charges against her were dismissed on August 8, 2016. (Doc. No. 1, at 15.) Consequently, the cause of action accrued and began to run that day, and the limitations period expired a year later, on August 8, 2017, exactly two years before the instant complaint was filed. These claims, too, are barred by

the statute of limitations.

### C. The New State Agency Defendants – Sovereign Immunity

In the present lawsuit, Plaintiff names as defendants several state agencies that were not identified as defendants in Primm I, including the Office of the Tennessee Attorney General and the Tennessee Department of Human Resources, along with several state officials sued in their official capacity. These defendants were not Plaintiff's employer, and the Court does not construe the complaint as attempting to state Title VII claims against the newly named defendants. However, the state agency defendants and all state officials sued in their official capacity for damages are absolutely immune from suit under § 1983 for damages. See Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997) (state agency is not a "person" subject to suit under § 1983); Cady v. Arenac Cty., 574 F.3d 334, 342 (6th Cir. 2009) ("The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985))). These claims will be dismissed without prejudice. S&M Brands, Inc. v. Cooper, 527 F.3d 500, 514 (6th Cir. 2005).

### D. State Law Claims

Having concluded that all Plaintiff's federal claims are subject to dismissal, the Court will decline to exercise supplemental jurisdiction over her state-law claims. These claims will be dismissed without prejudice. 28 U.S.C. § 1367(c).

**IV.    Conclusion**

For the reasons set forth herein, this case will be dismissed in its entirety. An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE